UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARILYN S. WILSON, )
      Plaintiff, )
)
v. ) No. 3:09-CV-541
) (Phillips/Shirley)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
      Defendant. )

### MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 19] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 18]. Magistrate Judge Shirley found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits alleging disability beginning August 8, 2005. The claim was denied by the administrative law judge (ALJ) on June 1, 2009. The Appeals Council reviewed the ALJ's decision and denied the claim on October 13, 2009. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now

undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff first argues that the ALJ failed to include Dr. Kennedy's manipulative restrictions in her residual functional capacity findings. Dr. Kennedy performed an independent medical examination of plaintiff on July 11, 2006. Dr. Kennedy noted that plaintiff had carpal tunnel surgery on both of her wrists in 2002. Based on his examination, he recommended that her employment not require rapid repeated motions with either hand; positioning either hand with her wrist in extreme flexion or extension; performing jerking or hammering motions with either hand; she could not be expected to manipulate small objects or use a keyboard with accuracy and efficiency; could not be expected to grip with maximum strength in either hand or to hold objects in either hand for more than about a minute at a time; should not subject her hand to vibrations; could not perform jobs that would require working under conditions where her safety and stability would depend on normal functioning of her hands; could not crawl or work on her hands and knees; lifting, carrying or pushing and pulling not to exceed twenty pounds occasionally or ten pounds frequently using both hands together; lifting and carrying or pushing/pulling using either hand alone not to exceed five pounds occasionally.

The ALJ reached his determination that plaintiff could perform light work after reviewing the record as a whole, including the reports of Drs. Summers, Fox, French and Kennedy. Dr. Summers, a consultative examiner, reported that on examination, plaintiff

exhibited a grip strength of 3/4 for her left hand and 4/5 for her right hand. He found that her manual dexterity and fingering problems were "mildly impaired." He opined that she would have difficulty grasping, fingering, feeling and manipulating objects on a repetitive basis with her hands. She maintained gross functional use of her hands and she maintained the ability to perform all other work-related activities in this regard. Dr. French, plaintiff's treating physician, examined her on December 14, 2006. Physical examination of plaintiff's hands revealed a mildly positive Tinel's sign over the median nerve at the wrist; there was no swelling and full range of motion. He described plaintiff's grip strength as "slightly decreased." On January 2, 2007, plaintiff was referred to Dr. Fox by her treating physician, Dr. Narula. Upon examination, Dr. Fox found no focal joint pain, laxity or crepitus. Plaintiff exhibited a full range of hand motion and appropriate joint stability.

The ALJ posed two questions to the vocational expert (VE) to determine whether there were any jobs that plaintiff could perform. The first hypothetical included a restriction to light work; no climbing of ladders, occasional climbing of stairs; occasional balancing, stooping, bending, crouching, crawling and kneeling; no repetitive tasks with the hands. The VE estimated there were 800 light jobs that plaintiff could perform. In the second hypothetical, the ALJ included only occasional use of plaintiffs hands. The VE identified a range of jobs that plaintiff could perform with these restrictions.

Plaintiff argues that the hypothetical questions to the VE were deficient. However, the ALJ properly relied upon a hypothetical question that included the limitations

that were supported by the record. To the extent that plaintiff had work-related limitations, the ALJ fully accommodated them when he restricted plaintiff to a range of light work with no repetitive tasks with the hands or only occasional use of her hands. It is the ALJ's function to determine what medical restrictions a plaintiff is under and how such restrictions affect her residual functional capacity. The ALJ is required to incorporate into the hypothetical question only those limitations accepted as credible. *Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993).

Counsel for plaintiff cross-examined the VE and posed a third hypothetical assuming that she couldn't manipulate small objects; only lift five pounds with either hand; couldn't hold any object or longer than a minute; could not use a keyboard; no rapid, repetitious motions; no crawling or working on her hands and knees; couldn't use her hands in extreme flexion or extension; no jerking, hammering or vibration, no pushing or pulling. The VE responded that, given these hypothetical restrictions, there would not be any jobs available that plaintiff could perform. While the VE may respond to several hypothetical questions presuming different physical restrictions placed on the plaintiff, the ALJ need not rely on the VE's response to a hypothetical question assuming restrictions which the ALJ has rejected as not supported by the evidence. *See Casey v. Secretary of Health and Human Services,* 823 F.2d 922, 927-28 (6th Cir. 1987). Here, counsel's hypothetical left out Dr. Kennedy's finding that plaintiff could lift, carry, push and pull up to twenty pounds occasionally and ten pounds frequently when she used both of her hands. I find that substantial evidence supports the assumptions included in the ALJ's hypothetical question

to the VE.  A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled.  *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987).

Next, plaintiff argues that the ALJ failed to address Dr. Narula's multiple statements that plaintiff should not engaged in any "lifting, bending, pushing or pulling." The record shows that on September 12, 2006, Dr. Narula saw plaintiff for complaints of worsening back pain.  He recommended no lifting, bending, pushing, pulling, etc.  During an office visit on September 21, 2006, Dr. Narula again recommended no lifting, bending, pushing, pulling, etc.  On October 17, 2006, Dr. Narula referred plaintiff to a pain clinic for continuing pain care and again recommended no lifting, bending, pushing, pulling, etc.

Although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown.  20 C.F.R. § 404.1527(d)(2). (1998). In addition, controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence of record.  *See* Social Security Ruling 96-2p; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  Because Dr. Narula's findings were not based on any objective testing and were inconsistent with the findings of the other treating physicians and examining physicians, I

find that the ALJ properly discounted them. The opinion that plaintiff could perform no lifting whatsoever is contradicted by every other physician of record, including the opinion of Dr. Kennedy. In addition, the period of time in which Dr. Narula imposed these restrictions to plaintiff lasted for a little more than one month. Most of the doctors saw plaintiff as capable of lifting at least ten pounds, and many saw her capable of lifting at least twenty pounds.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge